**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 20, 2019**

# In the Court of Appeals of Georgia

A19A1569. IN THE INTEREST OF G. G., a child.

MᴄFᴀᴅᴅᴇɴ, Chief Judge.

The mother of G. G. appeals from the juvenile court's order, which found G. G. to be a dependent child and granted temporary custody to the Department of Family and Children Services. Because the order does not permit us to review the merits of this appeal, we vacate that order and remand the case with direction that the juvenile court enter an appropriate order.

An order entered following a dependency hearing must include "findings of fact, separate from the conclusions of law, [set forth] in a manner that would permit us to review the merits of the challenges to the sufficiency of the evidence." *In the Interest of J. G.*, 350 Ga. App. 588, 592 (1) (829 SE2d 828) (2019); *In the Interest of B. G.*, 345 Ga. App. 167, 168 (1) (812 SE2d 552) (2018). The order in this case does

not satisfy this requirement. In large part, the facts within the "Findings of Fact" section are contained in a recitation of the testimony of witnesses at the hearing. But the juvenile court does not state that she found the recited testimony to be credible, and we cannot infer such a finding. See *In the Interest of B. G.*, supra ("The findings of fact are not intended to amount to a brief of the evidence and a mere recitation of the events that took place at trial does not satisfy the requirements [for the order].") (citations and punctuation omitted). In one instance, for example, the trial court recites contradictory testimony about whether the parents had requested visitation with G. G. but does not make a finding regarding which version of the testimony, if either, she believed. Elsewhere in the order, in both the "Findings of Fact" and "Conclusions of Law" sections, the juvenile court describes the reasoning for her ruling, but she intermingles findings of fact and conclusions of law in both sections and includes in the "Conclusions of Law" section additional facts not set forth in the "Findings of Fact" section. This intermingling makes the scope of the juvenile court's factual findings unclear. See *In the Interest of B. G.*, supra at 169 (1).

Consequently, "[t]he failure of the juvenile court to find the facts specifically and state separately [her] conclusions of law prevents us, in this case, from making an intelligent review of the [mother's] challenges to the sufficiency of the hearing

2

evidence." *In the Interest of B. G.*, 345 Ga. App. at 169 (1) (citations and punctuation omitted). See *In the Interest of J. G.*, 350 Ga. App. at 592 (1). We should not speculate about what facts the juvenile court actually found. We therefore vacate the order and remand the case "with the direction that the trial court make the appropriate findings of fact." *In the Interest of J. G.*, supra; see *In the Interest of B. G.*, supra.

*Judgment vacated and case remanded with direction. McMillian, P.J., and Senior Appellate Judge Herbert E. Phipps concur*.